IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTONIO ARREDONDO, III, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-1459 |
| | § | |
| RICK THALER, Director, Texas Department | § | |
| of Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Antonio Arredondo III, was convicted in Texas state court in 2004 of aggravated assault. He pleaded true to two enhancement paragraphs in the indictment and was sentenced to a thirty-three year prison term. In this federal habeas petition under 28 U.S.C. § 2254, Arredondo claims that his trial counsel was ineffective for failing to request a jury instruction on self-defense after Arredondo testified that the victim was the first to strike a blow. The respondent does not contend that Arredondo failed to exhaust any of his claims at the state level. The respondent moved for summary judgment, (Docket Entry No. 8), and Arredondo, who is represented by counsel, responded, (Docket Entry No. 9). For the reasons explained below, the respondent's motion is granted and this case is dismissed by separate order.

**I.   Background**

The facts in this case are summarized by the Texas appellate court's decision affirming the conviction, as follows:

> On August 1, 2003, a fight broke out at a local bar between [Arredondo] and the complainant. The two men had a lengthy history

of animosity, and both testified as to their mutual dislike for each other. [Arredondo's] wife was involved in a romantic relationship with the complainant before she married [Arredondo]. The complainant testified that he tried to "win her [Arredondo's wife] back" after she was married. He also testified that he called [Arredondo's] parole officer on two occasions to report misconduct. After [Arredondo] was arrested for assaulting the complainant, [Arredondo's] wife moved in with the complainant because she had "nowhere else to go." The complainant testified that [Arredondo's] wife was "kind of [his] girlfriend," but [Arredondo's] wife testified that she and the complainant were not romantically involved.

Both [Arredondo] and the complainant testified that they "bumped into each other" at the bar the evening of the offense. However, the two men offered different versions as to who instigated the fight. The complainant testified that [Arredondo] hit him in the head with a beer bottle as he was exiting the bar to get cigarettes from his car. [Arredondo] denied striking the complainant with a beer bottle and testified that he and the complainant exchanged words at the entrance to the bar. According to [Arredondo], the complainant struck him first with his fist after [Arredondo] said "don't get mad at me because you can't hold a woman."

A jury found [Arredondo] guilty of aggravated assault. [Arredondo] entered a plea of "true" to two enhancement paragraphs for prior felony convictions, and the jury assessed punishment at thirty-three years' imprisonment.

*Arredondo v. State,* No. 14-04-008960CR, 2006 WL 1140695, *1 (Tex. App. -- Houston [14th Dist.] 2006, pet. ref'd) (not designated for publication).

The trial transcript includes the following testimony by Arredondo:

Q. Where did you have a confron – where did the physical confrontation between you and Mitch start?

A. Just outside the door.

Q. What happened next?

A. After he swing, he pretty much caught me blind sided. I reached around and was falling. Grabbed ahold of him as I was falling. He

grabbed ahold of my shirt, tried to pull me out the bar, because we were right at the doorway. He grabbed ahold of my shirt and tried to pull me out the bar. That's when my shirt went over my head. I couldn't really see where he was at.

Q. What happened next?

A. That's when they went to break it up, a whole big crowd came out and they went to break it up. Robert, which was a friend of mine, grabbed ahold of me, picked me up, walked me pretty much out the front.

Q. So, Robert is a bartender there?

A. No, he is not a bartender. He's another patron there, but he tends to take the role of a bouncer.

Q. Is he a big guy?

A. Yes, he is.

Q. And he grabbed you and took you out the front of the bar?

A. Yes, he did.

Q. And were you told to leave?

A. Yes. We both were.

Q. Okay. And did you leave?

A. Yes, I did.

Q. During the time that you were struggling or fighting with Mitchell, did you hit him?

A. I would assume so, yeah.

Q. Did you have a beer bottle?

A. No.

Q. Did you know how his ear got cut?

    A.    I have no idea.

    Q.    Was there a maylay going on for some period of time, a bunch of people involved in this maylay?

    A.    Yes. Yes. The whole end of the bar.

(Reporter's Record, Vol. IV, pp. 18-20).

In addition to his direct appeal, Arredondo filed a petition for discretionary review, without success. His state habeas petition was denied by the trial and appellate courts. *Ex parte Arredondo*, Application No. 70,554-01 at cover.

In this federal habeas motion, Arredondo asserts that he was denied effective assistance by trial counsel who failed to ask for a jury instruction on self-defense after Arredondo testified that he assaulted the victim after he was attacked. Arredondo argues that the only reason he testified – which allowed the jury to hear about his prior convictions – was to tell the jury that he was not the aggressor.

With this habeas motion, Arredondo submitted an affidavit stating as follows:

> The charge against me resulted from a fight at a bar. I testified at trial, even though I understood that this would allow the jury to hear about my prior convictions. The only reason I testified was because it was the only way for the jury to hear my defense, which was self-defense. I testified at trial that the complaining witness, Mitchell Smith, swung at me first, and that I hit him in response. (RR 4 18-20). I never denied committing the offense, although I did deny the specific allegation that I had hit him with a beer bottle. I admitted hitting him, but only after he had hit me first. It was self-defense.
>
> My attorney, Mr. Singer, did not request a jury instruction on self-defense. The only reason I testified was so the jury could see my side of the fight, which was that I was defending myself. However, without a jury instruction on self-defense, the jury was unable to consider that, while a[t] the same time becoming aware of my prior convictions.

> If I had known that my attorney was not going to request a jury instruction on self-defense, I would never have testified, which allowed the jury to hear about my prior convictions. I do not understand why Mr. Singer did not request a self-defense instruction from the trial court.

(Docket Entry No. 1, Federal Petition, Appendix A, p. 1).

**II.  The Applicable Law**

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson,* 200 F.3d 274, 281 (5th Cir. 2000). Here, the denial of Arredondo's state writ constitutes an adjudication on the merits of the claims fairly presented to the Texas Court of Criminal Appeals. The AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply to the claims raised in this federal petition.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain,* 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case

differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson,* 532 U.S. 782, 792 (2001). Under *Williams,* a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry,* 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson,* 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson,* 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

While, "[a]s a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases," *Clark v. Johnson,* 202 F.3d 760, 764 (5th Cir.), *cert. denied,* 531 U.S. 831 (2000), the rule applies only to the extent that it does not conflict with the habeas rules. Section 2254(e)(1)–which mandates that

findings of fact made by a state court are "presumed to be correct"– overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. Unless the petitioner can "rebut [ ] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Smith v. Cockrell,* 311 F.3d 661, 668 (5th Cir. 2002).

A claim of ineffective assistance of counsel under Supreme Court precedent requires proof (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The court may address the prongs in any order. *Smith v. Robbins,* 528 U.S. 259, 286 n. 14 (2000).

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland,* 466 U.S. at 689. To overcome the deference given to informed strategic decisions, a petitioner must show that his counsel "blundered through trial, attempted to put on an unsupported defense, abandoned a trial tactic, failed to pursue a reasonable alternative course, or surrendered his client." *Id.; see also Moore v. Johnson,* 194 F.3d 586, 615 (5th Cir. 1999) ("*Strickland* does not require deference to those decisions of counsel that, viewed in light of the facts known at the time of the purported decision, do not serve any conceivable strategic purpose.").

Even if a petitioner establishes that his counsel's performance was deficient, he must also establish that "prejudice caused by the deficiency is such that there is a reasonable probability that the result of the proceedings would have been different." *Ransom v. Johnson,* 126 F.3d 716, 721 (5th Cir. 1997). A petitioner must show that the prejudice made the trial outcome "fundamentally

unfair or unreliable." *Id.* (quoting *Lockhart v. Fretwell,* 506 U.S. 364 (1993). To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of ineffective assistance of trial counsel, the prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor,* 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland,* 466 U.S. at 695-96. Petitioners must "affirmatively prove prejudice." *Id.* at 693. They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley,* 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain habeas relief. *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990).

### III.　Analysis

In Texas, "a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force." Tex. Penal Code Ann. § 9.31(a). To be entitled to a self-defense instruction under Texas law, a defendant must admit to the conduct charged and offer self-defense as justification for that conduct.

Arredondo was charged with aggravated assault. The indictment charged as follows:

> In the name and by authority of the State of Texas: The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, Antonio Arredondo, III, hereafter styled the Defendant, heretofore on or about AUGUST 1, 2003, did then and there unlawfully, intentionally and knowingly cause bodily injury to Mitchell Smith by using a deadly weapon, namely, a bottle. AGAINST THE PEACE AND DIGNITY OF THE STATE.

*Ex parte, Arredondo*, Application No. 70,554-01 at 101.

Under Texas law, a person commits the offense of assault if he:

> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PEN. CODE ANN. § 22.01 (Vernon 2001). Assault is generally a misdemeanor offense. The felony offense of aggravated assault occurs when a serious bodily injury is inflicted or when a deadly weapon is used or exhibited. § 22.02.

The state appellate court noted that Arredondo argued at trial that the State had failed to prove beyond a reasonable doubt that he had used a beer bottle to strike the victim. Arredondo did not admit hitting the victim with a beer bottle and did not testify or argue that he acted in self-defense. *Arredondo v. State,* No. 14-04-008960CR, 2006 WL 1140695, *4 (Tex. App. -- Houston [14th Dist.] 2006, pet. ref'd)(not designated for publication). The state appellate court held that

Arredondo was not entitled to a self-defense charge because he testified that he did not use deadly force and that he was not in fear of deadly force being used against him. Id. at *4.

The record supports this conclusion. Arredondo did not admit to every element of the aggravated assault offense. The testimony cited by Arredondo's counsel in this habeas petition is not to the contrary. Arredondo testified that he did not throw the first punch in the bar fight. He did not specifically testify that he struck the victim. Instead, Arredondo testified that he "assumed" he hit the victim. He denied having a beer bottle, and he denied any knowledge of how the victim's ear was cut. Arredondo essentially denied that he had committed aggravated assault. He did not testify that he was in fear or that he reasonably believed that his conduct was immediately necessary to protect himself. He suggested that others involved in the ensuing maylay in the bar might have struck the blow that injured the victim's ear. (Docket Entry No. 9, pp. 3-4).

Arredondo did not testify that he acted in self-defense. Any objection that defense counsel might have made to the jury charge because it lacked a self-defense instruction, would have been futile. Counsel cannot be deficient for failing to press a frivolous point. *Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir. 1990); *Green v. Johnson,* 160 F.3d 1029, 1036-37 (5th Cir. 1998), *cert. denied,* 525 U.S. 1174 (1999) (citing *Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995)). Because the evidence at trial did not raise the issue of self-defense, trial counsel's failure to request a jury instruction was neither deficient nor prejudicial.

Arredondo requests an evidentiary hearing. (Docket Entry No. 1, p. 23). Section 2254(e)(2) provides:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–

>(A) the claim relies on–
>
>(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

*Id.* A petitioner is not entitled to an evidentiary hearing "if his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." *Young v. Herring,* 938 F.2d 543, 559 (5th Cir. 1991). "If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require." Rule 8 of the Rules Governing Section 2254 Cases. This court has been able to resolve all the issues raised in this case based on the pleadings and state-court records. Arredondo has failed to provide a factual basis for granting an evidentiary hearing. An evidentiary hearing is not required because there are no relevant factual disputes that would require development to resolve the claims. *Robinson v. Johnson,* 151 F.3d 256, 268 (5th Cir. 1998), *cert. denied,* 526 U.S. 1100 (1999). The request for an evidentiary hearing is denied.

## IV. Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 8), is granted. Arredondo's petition for a writ of habeas corpus is denied. Any remaining pending motions are denied as moot.

Under the AEDPA, a petitioner must obtain a certificate of appealability before appealing the district court's denial of habeas relief. 28 U.S.C. § 2253(c)(2). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322 (2003) (citing 28 U.S.C. § 2253(c)(1)). "The COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal." *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 482 (2000); *Hohn v. United States*, 524 U.S. 236, 248 (1998)). A COA will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (citation and internal quotation marks omitted). Arredondo has not made "a substantial showing of the denial of a constitutional right." A certificate of appealability will not issue.

SIGNED on June 4, 2010, at Houston, Texas.

                                             Lee H. Rosenthal
                                         United States District Judge